**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:21-cv-23830

CATHERINE PEREZ,

    Plaintiff,

vs.

SAFAR MIAMI SALON, INC.,
and SAS, LLC,

    Defendants.
_____/

## COMPLAINT

Plaintiff Catherine Perez ("Perez"), by and through her undersigned counsel, hereby sues Safar Miami Salon, Inc. ("Safar Salon"), SAS, LLC ("SAS"), and alleges as follows:

1. This Action is brought to remedy violations of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000 et. seq. ("Title VII"), and the Florida Civil Rights Act of 1991, as amended, Fla. Stat. Chapter 760 et. seq. ("Florida Civil Rights Act").

2. Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over Perez's claims.

3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

4. Perez has satisfied all conditions precedent to filing suit, including without limitation, the timely filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the timely filing of the instant action after receipt of a Right to Sue letter.

5. Pursuant to 28 U.S.C. § 1391(b), venue lies in Miami-Dade County because a substantial part of the events giving rise to these claims occurred within this District.

6. Perez is part of a protected class in that she is female.

7. Safar Salon is a Florida Corporation with its principal place of business in Miami Beach, Florida.

8. SAS is a Florida Limited Liability Company with its principal place of business in Miami Beach, Florida.

9. Safar Salon and SAS share employees, interchange employees, or exercise common control over employees and work in the direct interest of one another. The related activities, performed through a unified operation and/or common control, are being done for a common business purpose. Thus, Defendants are joint employers as a matter of law.

10. Safar Salon and SAS have interrelated operations, share common management, have centralized control of labor relations, and have common ownership or financial control. Thus, Defendants are an integrated enterprise or employer as a matter of law. Alternatively, each Defendant is a covered enterprise as a matter of law.

11. At all times material hereto, Perez was employed by Safar Salon and SAS at a salon in Miami Beach, Florida.

12. Safar Salon and SAS are "person(s)" and "employer(s)" within the meaning of Title VII and the Florida Civil Rights Act.

13. Perez was an employee of Safar Salon and SAS from July 2011 to June 14, 2019.

14. On or about January 2, 2019, Perez was sexually assaulted by an employee Jamal McDermott ("McDermott") after a company Christmas party.

15. Perez reported the sexual assault to police.

16. Gaston Safar ("Safar"), the owner of the salon and Perez's direct supervisor, in no uncertain terms knew about McDermott's sexual assault against Plaintiff.

17. Safar also knew about other sexual assaults and acts of sexual exploitation by McDermott against other employees prior to the sexual assault against Perez.

18. Despite knowing about McDermott's actions, Safar hired and continued to employ McDermott.

19. After the reported assault, McDermott's role was expanded at the Salon, and his hours were increased.

20. McDermott was repeatedly scheduled to work the same hours as Perez.

21. McDermott was trained to close the Salon.

22. McDermott was repeatedly scheduled to close the Salon with Perez, forcing Perez to be alone with McDermott afterhours.

23. Defendants constructively discharged Perez from the Salon on June 14, 2019.

## COUNT I - SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO TITLE VII

Perez re-alleges paragraphs 1-23 as though fully set forth herein.

24. This count is brought pursuant to Title VII.

25. At all times material hereto, the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of Perez's employment and create an abusive working environment.

26. McDermott's sexual assault of Perez also created a hostile work environment.

27. The hostile work environment was based on Perez's sex.

28. Defendants did nothing in response to Perez's complaints of harassment and sexual assault and placed Perez in a situation where the harassment was permitted to continue.

29. Defendants were responsible for this environment under a theory of vicarious or direct liability.

30. Perez has suffered damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Catherine Perez respectfully requests that the Court enter a judgment decreeing that the Defendants Safar Miami Salon, Inc., and SAS, LLC, violated Title VII, awarding all available compensatory, economic, and special damages, punitive damages, interests, and any additional relief deemed appropriate.

## COUNT II - SEX-BASED HOSTILE WORK ENVIRONMENT PURSUANT TO FLA. STAT. § 760.10

Perez re-alleges paragraphs 1-23 as though fully set forth herein.

31. This count is brought pursuant to Fla. Stat. § 760.10.

32. At all times material hereto, the workplace was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of Perez's employment and create an abusive working environment.

33. McDermott's sexual assault of Perez also created a hostile work environment.

34. The hostile work environment was based on Perez's sex.

35. Defendants did nothing in response to Perez's complaints of harassment and sexual assault and placed Perez in a situation where the harassment was permitted to continue.

36. Defendants were responsible for this environment under a theory of vicarious or direct liability.

37. Perez has suffered damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Catherine Perez respectfully requests that the Court enter a judgment decreeing that Defendants Safar Miami Salon, Inc. and SAS, LLC, violated the Florida Civil Rights Act, awarding all available compensatory, economic, and special damages, punitive damages, interests, and any additional relief deemed appropriate.

## COUNT III – RETALIATION PURSUANT TO TITLE VII

Perez re-alleges paragraphs 1-23 as though fully set forth herein.

38. This count is brought pursuant to Title VII.

39. Defendants retaliated against Perez by taking adverse employment actions against her and otherwise altering the terms, conditions, and privileges of her employment because she engaged in protected activity.

40. There was a causal connection between the adverse employment actions and the acts of protected activity.

41. In addition to a temporal connection, forcing Perez to remain alone with McDermott when closing the Salon, increasing McDermott's hours, and scheduling McDermott during the same shifts as Perez, would not have occurred but for Perez engaging in the protected activity.

42. At all times material to this count, Perez was qualified for the position.

43. Defendants were responsible for such unlawful actions under a theory of vicarious or direct liability.

44.     Perez has suffered damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation, proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Catherine Perez respectfully requests that the Court enter a judgment decreeing that Defendants Safar Miami Salon, Inc. and SAS, LLC, violated Title VII, awarding all available compensatory, economic, and special damages, punitive damages, interests, and any additional relief deemed appropriate.

### COUNT IV – RETALIATION PURSUANT TO FLA. STAT. § 760.10

Perez re-alleges paragraphs 1-23 as though fully set forth herein.

45.     This count is brought pursuant to Fla. Stat. § 760.10

46.     Defendants retaliated against Perez by taking adverse employment actions against her and otherwise altering the terms, conditions, and privileges of her employment because she engaged in protected activity.

47.     There was a causal connection between the adverse employment actions and the acts of protected activity.

48.     In addition to a temporal connection, forcing Perez to remain alone with McDermott to close the Salon, increasing McDermott's hours, and scheduling McDermott during the same shifts as Perez, would not have occurred but for Perez engaging in protected activity.

49.     At all times material to this count, Perez was qualified for the position.

50.     Defendants were responsible for such unlawful actions under a theory of vicarious or direct liability.

51. Perez has suffered damages, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other nonpecuniary losses, and harm to reputation, proximately caused by the conduct, actions, and inactions complained of herein.

**WHEREFORE**, Plaintiff Catherine Perez respectfully requests that the Court enter a judgment decreeing that Defendants Safar Miami Salon, Inc. and SAS, LLC, violated the Florida Civil Rights Act, and awarding all available compensatory, economic, and special damages, punitive damages, interests, and any additional relief deemed appropriate.

## COUNT V – NEGLIGENT HIRING

Perez re-alleges paragraphs 1-23 as though fully set forth herein.

52. Safar Salon and SAS hired McDermott as its agent and employee in the same location where Perez was employed.

53. At all times material hereto, Safar Salon and SAS had a duty to exercise reasonable care in their hiring practices.

54. At all times material hereto, Safar Salon and SAS, had a duty to investigate all employee's backgrounds, including the backgrounds of McDermott, prior to hiring.

55. Safar Salon and SAS had a duty to hire employees who would not sexually harass and assault other employees.

56. Safar Salon and SAS breached their aforesaid duties by not exercising the level of care under which under all the circumstances a reasonably prudent person would have exercised in choosing employees for the particular duties to be performed by McDermott, to wit:

   a) By failing to conduct a sufficient investigation and evaluation of the McDermott prior to hiring; and

   b) By failing to discover McDermott's sexual assault history prior to hiring.

57. Alternatively, Safar Salon and SAS knew of McDermott's history and hired him any way.

58. Safar Salon and SAS knew or should have known that McDermott was predisposed to committing the wrongs set forth above.

59. Safar Salon and SAS placed McDermott in an environment which created the opportunity to and/or enticement to commit said wrongs.

60. As a direct and proximate result of Safar Salon and SAS's breach of the aforementioned duties, Perez was sexually assaulted.

61. Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Perez would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in damage.

62. Defendants' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Perez.

63. As a direct and proximate result of Safar Salon's and SAS's negligent hiring, Perez was damaged.

**WHEREFORE**, Plaintiff Catherine Perez demands judgment against Defendants Safar Miami Salon, Inc. and SAS, LLC, for compensatory damages, punitive damages, costs and for such other and further relief as the court deems necessary.

### COUNT VI – NEGLIGENT RETENTION

Perez re-alleges paragraphs 1-23 as though fully set forth herein.

64. Safar Salon and SAS was on notice through prior complaints and incidents that McDermott had potentially harmful propensities and was liable to do harm to Perez and other employees.

65. Safar Salon and SAS placed Perez in a zone of foreseeable risk created by the continued retention of McDermott by Safar Salon and SAS without further action such as investigating, discharging, or reassigning McDermott.

66. Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in damage.

67. Defendants' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Perez.

68. By failing to take further action to adequately discipline, investigate, discharge or reassign McDermott after being made aware of McDermott's potentially harmful propensities, Safar Salon and SAS breached their duty resulting in injury to the Perez.

**WHEREFORE**, Plaintiff Catherine Perez demands judgment against Defendants Safar Miami Salon, Inc. and SAS, LLC, for compensatory damages, punitive damages, costs and attorney's fees and for such other and further relief as the court deems necessary.

## COUNT VII – NEGLIGENT SUPERVISION

Perez re-alleges paragraphs 1-23 as though fully set forth herein.

69. Safar Salon and SAS had a duty to supervise McDermott to make sure he did not sexually assault or harass Perez and other employees.

70. Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in damage.

71. Defendants' conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of Perez

72. Safar Salon and SAS breached its duty to supervise McDermott.

73. As a direct and proximate result of Safar Salon's and SAS's negligent supervision, Perez was damaged.

**WHEREFORE**, Plaintiff Catherine Perez demands judgment against Defendants Safar Miami Salon, Inc. and SAS, LLC, for compensatory damages, punitive damages costs and attorney's fees and for such other and further relief as the court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff Catherine Perez hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@rgmlawfirm.com
RAMHOFER GARCIA, PLLC
11900 Biscayne Blvd.
Suite 742
North Miami, FL 33181
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorney for Plaintiff Catherine Perez*